1  MICHAEL N. FEUER, City Attorney
   GARY G. GEUSS, Chief Assistant City Attorney
2  CORY M. BRENTE, Supervising Assistant City Attorney
   GEOFFREY PLOWDEN, Deputy City Attorney - (SBN146602)
3  200 North Main Street
   6th Floor, City Hall East
4  Los Angeles, CA  90012
   Email: geoffrey.plowden@lacity.org
5  Phone No.: (213) 978-7038, Fax No.: (213) 978-8785

6  Attorneys for Defendants City of Los Angeles. Officer Sloan, Officer Izzo, Officer Quill
   and Chief Charlie Beck
7
   GILBERT SAUCEDO (SBN262574)
8  Law Office of Gilbert Saucedo
   714 W. Olympic Blvd., Suite 450
9  Los Angeles, CA 90015
   Email: gs.law@att.net
10 Phone No.: (213)748-0808, Fax No.:(213)493-6575   NOTE CHANGES MADE BY THE COURT.

11 Attorney for Plaintiff Melania Granados

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15
   MELANIA GRANADOS,                    ) CASE NO. CV13-01910ODW(AGRx)
16                                      )
              Plaintiff                 )
17        v.                            ) STIPULATION FOR [PROPOSED]
                                        ) PROTECTIVE ORDER
18 CITY OF LOS ANGELES, L.A.P.D.        )
   OFFICER SLOAN, Badge No. 31080, in   )
19 his official and individual capacity;)
   OFFICER IZZO - Badge No. 40637, in his)
20 official and individual capacity; OFFICER)
   QUILL - Badge No. 40183 in his Official)   NOTE CHANGES MADE BY THE COURT.
21 and Individual capacity; , CHIEF     )
   CHARLES BECK, in his official and    )
22 individual capacity; and DOES 1 through)
   20, Inclusive                        )
23            Defendants.               )
                                        )
24

25
       The parties, through their respective counsel, stipulate as follows:
26
       Whereas plaintiff has propounded a request for production of documents upon all
27
   defendants requesting official and confidential information, such as internal affairs
28
   investigations and personnel files of the defendant officers, which are contained in peace

1  officer personnel files maintained by the Los Angeles Police Department, and defendants
2  will be irreparably prejudiced if these confidential personnel documents and the personal
3  and confidential information contained therein (including, but not limited to home
4  addresses, dates of birth, workplace history, and social security numbers), and are
5  disseminated publicly without the following protections, and whereas the disclosure of
6  confidential information and documents will concern the privacy rights of the plaintiff
7  and her family, and whereas the parties having met and conferred with each other and
8  agree that good cause exists, and stipulated to the following terms and conditions, the
9  Court hereby orders as follows:
10     1. Defendants may designate as confidential any document or writing that they, in
11  good faith, believe contains information of a privileged, confidential, private or sensitive
12  nature, by affixing to such document or writing a legend, such as "Confidential."
13  "Confidential Documents," "Confidential Material," "Subject to Protective Order" or
14  words of similar effect. These documents include the Internal Affairs Report, The Use of
15  Force Report, Personnel Complaints, and other documents containing deliberative
16  processes from supervisors. Documents and writings so designated, and all information
17  derived therefrom (hereinafter, collectively referred to as "Confidential Information"),
18  shall be treated in accordance with the terms of this stipulation.
19     2. If Plaintiff's counsel believes that any document, writing or information that has
20  been designated by Defendants as Confidential (or an equivalent designation) does not
21  warrant that designation Plaintiff's counsel will advise Defendants' counsel. In the event
22  of a dispute regarding the designation of confidential information, the procedure for
23  obtaining a decision from the Court is that set forth in Local Rule 37. If the parties want
24  to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a
25  stipulation to that effect or the moving party may file an ex parte application making the
26  appropriate request. The parties must set forth good cause in the stipulation or ex parte
27  application as to why the Joint Stipulation or portions thereof should be filed under seal.
28  Notwithstanding Plaintiff's counsel belief that a document, writing or information that

has been designated by Defendants as Confidential (or an equivalent designation) does not warrant that designation, Plaintiff's counsel will continue to treat it as such in accordance with the terms of this Protective Order unless and until the parties agree otherwise or the Court so determines.

3. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

4. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a) Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

(b) Such other parties as may be agreed by written stipulation among the parties hereto.

5. Prior to the disclosure of any Confidential Information to any person described in paragraph 4(a) or 4(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information. Dated: _____ /s/ _____ "

6. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof in the parties' possession shall be returned to the Defendant City of Los Angeles through the City Attorney's Office. All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants. This provision does not obligate the Court to act in a certain matter in relation to the confidential documents.

7. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written approval by the Defendants' counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

8. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contains or discloses confidential information shall be filed and maintained under Local Rule 79-5, which governs the filing of documents under seal. If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers – or the confidential portion thereof –under seal; the application must demonstrate good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

9. At the commencement of trial, unless good cause is shown, the terms of the protective order are dissolved, except for the return of the confidential documents to the party providing them at the completion of the case.

10. Counsel for the parties hereto agree that any motions, applications or other pre-trial proceedings which entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury or potential jurors.



~~unless having heard from counsel, the Court orders otherwise.~~ Counsel for the parties further agree that during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agree to be bound by this stipulation, and court personnel, ~~unless having heard from counsel, the Court orders otherwise.~~ However, information used at trial shall become public except upon separate court order upon written motion and sufficient cause shown.

11. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

12. This Stipulation may be signed in parts and may be transmitted by facsimile as if it was the original document.

IT IS SO STIPULATED:

DATED: July 31, 2013

MICHAEL N. FEUER, City Attorney
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Supv. Assistant City Attorney

By: _____
GEOFFREY PLOWDEN, Deputy City Attorney
Attorneys for Defendant CITY OF LOS ANGELES, et al.,

DATED: July 31, 2013

LAW OFFICE OF GILBERT SAUCEDO

By: _____
GILBERT SAUCEDO, ESQ.
Attorneys for Plaintiff Melania Granados

IT IS SO ORDERED.
DATED: 8/6/13
_____
Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE